IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

TIMOTHY GARVIN ODOM,

    Petitioner,

v.                                       No. 13-1086-JDB-egb

CHERRY LINDAMOOD,

    Respondent.

---

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
DENYING PETITION PURSUANT TO 28 U.S.C. § 2254,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

---

Before the Court are (1) the petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody (the "§ 2254 Petition") filed by Petitioner, Timothy Garvin Odom, Tennessee Department of Correction prisoner number 435132, an inmate at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee (Docket Entry ("D.E.") 1), and (2) the motion of Respondent, Cherry Lindamood, Warden of WCF, to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (D.E. 16). For the reasons stated below, the motion is GRANTED and the petition is DENIED.

## I. BACKGROUND

### A. State Court Procedural History

On September 4, 2007, a grand jury in Hardeman County, Tennessee returned an indictment charging Odom with rape of a child less than thirteen years of age on various dates between February 1 and March 31, 2007. (Indictment, State v. Odom, No. 07-01-0494 (Hardeman Cnty. Cir. Ct.), D.E. 13-1 at 92-93.) On January 23, 2008, Odom was convicted in a jury trial in the Hardeman County Circuit Court. (Tr. 116, id., D.E. 13-2 at 246.) At a sentencing hearing on April 1, Odom was sentenced to a term of imprisonment of eighteen years at 100 percent. (Tr. 122-23, id., D.E. 13-2 at 252-53.) Judgment was entered on the same day. (J., id., D.E. 13-1 at 113.) The Tennessee Court of Criminal appeals affirmed. State v. Odom, No. W2008-00795-CCA-R3-CD, 2009 WL 2998923 (Tenn. Crim. App. Sept. 21, 2009), *app. denied* (Tenn. Mar. 15, 2010).

On July 12, 2010, Petitioner submitted a *pro se* petition in the Hardeman County Circuit Court pursuant to the Tennessee Post-Conviction Procedure Act, Tennessee Code Annotated §§ 40-30-101 to -122. (Pet. for Post-Conviction Relief, Odom v. State, No. 07-01-0494 (Hardeman Cnty. Cir. Ct.), D.E. 13-5 at 364-76.) The public defender was appointed to represent him. (Prelim. Order, id., D.E. 13-5 at 391-92.) On November 1, 2010, post-conviction counsel filed a notice that no amendments to the petition would be filed. (Notice of No Am. Pet. for Post-

Conviction Relief, id., D.E. 13-5 at 396-97.) The State answered the petition on November 16, 2010. (Ans. to Pet. for Post Conviction Relief, id., D.E. 13-5 at 398.) A hearing on the petition was held on January 31, 2011 (Post-Conviction Pet. Hr'g Tr., id., D.E. 13-7) and, on February 1, 2011, the post-conviction court denied relief (Order Denying Post-Conviction Relief, id., D.E. 13-5 at 413-16). The Tennessee Court of Criminal Appeals affirmed. Odom v. State, No. W2011-00448-CCA-R3-PC, 2011 WL 5903930 (Tenn. Crim. App. Nov. 21, 2011), *app. denied* (Tenn. Mar. 7, 2012).

**B. Case Number 13-1086**

On March 6, 2013, Odom filed the § 2254 Petition, accompanied by a motion seeking leave to proceed *in forma pauperis*, which the Court granted. (D.E. 1, 2 & 3.) On April 12, 2013, the Court ordered Respondent to file the state-court record and a response to the § 2254 Petition. (D.E. 7.)

On June 5, 2013, Warden Lindamood filed her Rule 12(b)(6) motion to dismiss, along with the state-court record. (D.E. 12 & 13.) Petitioner filed his response to the motion on June 21, 2013 (D.E. 14), and Respondent filed a reply on July 3, 2013 (D.E. 15).

On July 31, 2013, Odom filed his first motion for extension of time (D.E. 17), which the Court denied because the motion to dismiss had been fully briefed and Petitioner was not facing any additional deadline. (D.E. 18.)

**II.     PETITIONER'S FEDERAL HABEAS CLAIMS**

In the § 2254 Petition, Odom raises the following issues:

1. "Whether or not the evidence was sufficient to support the jury verdict of guilty" (D.E. 1 at 16);

2. "Whether the trial court erred in overruling the defendants [sic] motion to suppress his statement because said statement was not knowingly and voluntarily made" (id. at 17);

3. "Whether or not the sentence was imposed with the provisions of the criminal [S]entencing [R]eform [A]ct of 1989 as amended" (id. at 18); and

4. Whether his attorney rendered ineffective assistance (id. at 19-20).

**III.    ANALYSIS OF THE MERITS**

Respondent has moved to dismiss the § 2254 Petition with prejudice as time-barred. (D.E. 12.)[1]

Twenty-eight U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

---

[1] Although the Warden purports to rely on Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure, she has provided no legal argument that this Court lacks subject-matter jurisdiction over the action. The Court has subject-matter jurisdiction to issue writs of habeas corpus on behalf of state prisoners. 28 U.S.C. § 2254(a). A statute of limitations is a waivable affirmative defense that does not affect the subject-matter jurisdiction of the federal courts. Scott v. Collins, 286 F.3d 923, 927 (6th Cir. 2002) ("The § 2244(d) statute of limitations defense is an affirmative defense as opposed to a jurisdictional defect."), *abrogated on other grounds by* Day v. McDonough, 547 U.S. 198, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006).

4

> court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

State convictions ordinarily become "final" within the meaning of § 2244(d)(1)(A) when the time expires for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. Pinchon v. Myers, 615 F.3d 631, 640 (6th Cir. 2010), *cert. denied*, ___ U.S. ___, 131 S. Ct. 2151, 179 L. Ed. 2d 938 (2011); Sherwood v. Prelesnik, 579 F.3d 581, 585 (6th Cir. 2009), *reh'g & reh'g en banc denied* (Nov. 25, 2009). The Tennessee Court of Criminal Appeals issued its decision on direct appeal on

September 21, 2009 and the Tennessee Supreme Court denied permission to appeal on March 15, 2010. Therefore, Odom's conviction became final on June 14, 2010, the last date for filing a petition for a writ of certiorari with the United States Supreme Court, at which time the running of the § 2254 limitations period commenced.[2]

The limitations period was tolled, pursuant to 28 U.S.C. § 2244(d)(2), when Odom filed his post-conviction petition on July 12, 2010. By that time, twenty-eight days of the one-year limitations period had elapsed.[3] The Tennessee Court of Criminal Appeals affirmed the dismissal of the post-conviction petition on November 21, 2011 and the Tennessee Supreme Court denied permission to appeal on March 7, 2012. The running of the limitations period recommenced at that time, and it expired 337 days later, on

---

[2] Because the ninetieth day fell on Sunday, June 13, 2010, Odom had until Monday, June 14, 2010, to file a petition. Sup. Ct. R. 30.1.

[3] In his response, Odom argues that he filed his post-conviction petition on June 15, 2010, the date it was deposited for mailing at the prison. (D.E. 14 at 1-3.) Rule 2(G) of the Tennessee Rules of Post-Conviction Procedure provides that "[p]apers required or permitted to be filed by the rules of post-conviction procedure, when filed by an attorney or a pro se petitioner who is not incarcerated, are filed when received by the clerk of court." Tenn. Sup. Ct. R. 28, § 2(G). However,

> [i]f papers required or permitted to be filed by these rules are prepared by or on behalf of a pro se petitioner incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing.

Id. Because the inmate filed a timely post-conviction petition, the Tennessee mailbox rule was inapplicable. Order of Dismissal at 2-3, Terry v. Mills, No. 04-3020-JDB-tmp (W.D. Tenn. July 27, 2006), D.E. 11. Therefore, Odom's post-conviction petition was filed on July 12, 2010, the date on which it was received by the court clerk.

6

February 7, 2013.[4] The § 2254 Petition was signed on March 4, 2013 (D.E. 1 at 14), twenty-five days after the expiration of the limitations period, and, even if it were deemed to have been filed on that date, see Houston v. Lack, 487 U.S. 266, 270-71, 276, 108 S. Ct. 2379, 2382, 2385, 101 L. Ed. 2d 245 (1988); Brand v. Motley, 526 F.3d 921, 925 (6th Cir. 2008); Towns v. United States, 190 F.3d 468, 469 (6th Cir. 1999) (§ 2255 motion), it was time-barred.

"The doctrine of equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). The § 2254 limitations period is subject to equitable tolling. Holland v. Fla., 560 U.S. 631, ___, 130 S. Ct. 2549, 2560, 2562-64, 177 L. Ed. 2d 130 (2010). "[T]he doctrine of equitable tolling is used sparingly by federal courts." Robertson, 624 F.3d at 784. "The party seeking equitable tolling bears the burden of proving he is entitled to it." Id. A habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, ___ U.S. at ___,

---

[4] Section 2244(d)(1) provides that the limitations period begins to run from the *latest* of the four specified circumstances. In this case, however, there is no reason to conclude that the limitations period for the issues raised by Petitioner commenced at any time later than the date on which his conviction became final.

7

130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (internal quotation marks omitted), *reh'g denied*, 545 U.S. 1135, 125 S. Ct. 2931, 162 L. Ed. 2d 880 (June 20, 2005)).[5]

Odom did not request equitable tolling in his response to the motion to dismiss. (*See* D.E. 14.) In the form § 2254 Petition, he asserted that his filing was timely. (D.E. 1 at 13.) Ignorance of the law is insufficient to warrant equitable tolling. Plummer v. Warren, 463 F. App'x 501, 506 (6th Cir.) ("the district court correctly concluded that the reasons Plummer actually gave for the delay in filing her petition — namely her need to find help and inexperience in the law — are not extraordinary circumstances warranting equitable tolling"), *cert. denied,* ___ U.S. ___, 133 S. Ct. 169, 184 L. Ed. 2d 84 (2012); Moore v. United States, 438 F. App'x 445, 449 (6th Cir. 2011) ("Ignorance of the law, even by an incarcerated *pro se* petitioner, is not grounds to toll the statute."); Harrison v. I.M.S., 56 F. App'x 682, 685-86 (6th Cir. 2003) (declining to apply equitable tolling where prisoner was ignorant of the filing deadline because, through his other contacts with the court, he "learned that the earlier documents he filed with the court had corresponding filing deadlines" and, therefore,

---

[5] Until recently, the Sixth Circuit analyzed five factors to determine the appropriateness of equitable tolling. *See, e.g.*, Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057, 122 S. Ct. 649, 151 L. Ed. 2d 566 (2001). The Sixth Circuit has held that the standard stated in Holland supersedes the previous test. Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 749-50 (6th Cir. 2011), *cert. denied sub. nom.* Hall v. Brunsman, ___ U.S. ___, 133 S. Ct. 187, 184 L. Ed. 2d 95 (2012).

he "knew or should have known that his application for a writ of habeas corpus also had a filing deadline"); Miller v. Cason, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 F. App'x 373, 375 (6th Cir. 2001) ("Ignorance of the limitations period does not toll the limitations period."). Therefore, Odom is not entitled to equitable tolling.

The Court GRANTS Respondent's motion to dismiss the petition as time-barred. The petition is DISMISSED WITH PREJUDICE and judgment shall be entered for Respondent.

## IV. APPEAL ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. Miller-El v. Cockrell, 537 U.S. 322, 335, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); Bradley v. Birkett, 156 F. App'x 771, 772 (6th Cir. 2005), *reh'g en banc denied* (Jan. 10, 2006). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing § 2254 Cases in the United States Dist. Cts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required

9

showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 336, 123 S. Ct. at 1039 (internal quotation marks omitted); *see also* Henley v. Bell, 308 F. App'x 989, 990 (6th Cir.) (per curiam) (same), *cert. denied*, 555 U.S. 1160, 129 S. Ct. 1057, 173 L. Ed. 2d 482 (2009). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337, 123 S. Ct. at 1039; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. Bradley, 156 F. App'x at 773.

In this case, there can be no question that the § 2254 Petition is time-barred. Because any appeal by Petitioner on the issues raised in this petition does not deserve attention, the Court DENIES a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5). In this case, for the same reasons it denies a

COA, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.[6]

IT IS SO ORDERED this 16th day of December 2013.

                                                s/J. DANIEL BREEN
                                                CHIEF UNITED STATES DISTRICT JUDGE

---

[6] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).